Harold Raymond **HOOKS**, Petitioner-Appellant,

v.

**R. V. ROBERTS**, Warden, Hillsborough County Convict Camp, Respondent-Appellee.

No. 72-3621

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 18, 1973.

Rehearing Denied July 19, 1973.

Harold Hooks, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Nelson E. Bailey, West Palm Beach, Fla., for respondent-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

GODBOLD, Circuit Judge:

We affirm the order of the District Court denying the petition of appellant Hooks for the writ of habeas corpus. Represented by retained counsel, Hooks was convicted in Florida state court of two counts each of possession and sale of LSD. Prior to this case he had sought post-trial relief in courts state and federal.[1]

█ Appellant's present major contention is that he was prejudiced in a constitutional sense on his direct appeal because his attorney, a public defender appointed to represent him in the appeal, failed to confer with him and, as a consequence, the attorney did not raise

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. For the reported history of Hooks' prior litigation, direct and collateral, see: Hooks v. Colbath, 440 F.2d 1068 (CA 5), cert. denied, 404 U.S. 911, 92 S.Ct. 236, 30 L.Ed.2d 183 (1971); Hooks v. Fourth District Court of Florida, 442 F.2d 1042 (CA 5, 1971); Hooks v. Florida, 250 So. 2d 322 (Fla.App.1971), cert. denied, 253 So.2d 424 (Fla.1971).

before the Florida appellate courts trial errors which should have been raised. At the threshold, we lay to rest appellant's notion that appointed counsel prosecuting an appeal on an adequate trial record is constitutionally required to confer with his client about the legal issues to be presented on appeal. This does not, however, dispose of the question of whether, independently of what arguably might have been said in an attorney-client conference, the services of appellate counsel did not meet constitutional standards of effective assistance because he omitted to present on the appeal issues which he should have raised. The most direct way to approach this question is that taken by the District Court, which is to examine the alleged trial errors to which appellant refers to see if they contain sufficient merit—actual or arguable—that his appellate counsel can be faulted for not having raised them.[2] They are as follows:

(1) That Hooks was denied the right to speak at his motion for new trial. The habeas court disposed of this by determining as a matter of federal law that a defendant represented by counsel has no such right. This, however, did not answer the question of whether there was possible merit to the assertion as a matter of state law. Hooks has referred us to no Florida law providing that a convicted defendant has the right to speak at hearing of a motion for new trial and we find no such law.

(2) That the trial court erred in admitting into evidence testimony of a deputy sheriff concerning inculpatory statements made by Hooks. The state trial transcript filed with the District Court includes a proper hearing conducted by the trial judge outside the presence of the jury. This reveals that the deputy went to a laboratory to deliver to Hooks' expert chemist one of the capsules allegedly sold by Hooks to a gov-

ernment agent and to observe tests to be made by the expert, and upon arrival found Hooks at the laboratory. The two engaged in conversation. Hooks was not in custody. There was no evidence that the deputy began the conversation. There was no evidence that he interrogated Hooks. Hooks' inculpatory statements were, in effect, that he sold the questioned material to naroctics agents, that the agents were well disguised, and that his only available defense was to attempt to show by analysis that the material was not a narcotic. Nothing in Hooks' statements about which the deputy testified was inconsistent with Hooks' own position at trial—he did not deny the sale and stood on the defense that the material was not forbidden by law. The objections to these statements made to the trial judge in the hearing outside presence of the jury were that no *Miranda* warnings were given and that the statements were immaterial. Neither objection was tenable. Post-trial the point is made that when the conversation occurred Hooks had already retained counsel so that the testimony was inadmissible under United States v. Massiah, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). Not only is there no showing of the kind of police misconduct which would fall within *Massiah*, see United States v. DeLoy, 421 F. 2d 900 (CA5, 1970), but also no *Massiah*-based objection was made either at the hearing or later when the deputy testified about the statements. Objection at either time would have given the prosecution the opportunity to inquire into the *Massiah* issue.

(3) That the trial court erred in refusing to admit into evidence a pamphlet containing a spectograph which Hooks' expert had relied upon and referred to in his testimony. No basis was shown then, or is shown to this court, for admissibility of the pamphlet.

2. In addition to the alleged trial errors, Hooks points to the public defender's failure to appeal from the trial court's order setting supersedeas bond for pur-

poses of appeal. This contention, as a springboard for a claim of ineffective counsel, is so lacking in merit as to require no comment.

(4) That Hooks was convicted of two separate offenses consisting of two separate deliveries to two different agents on the same day, and that he was deprived of due process because he was not informed of the facts on which each conviction was based. We have difficulty in understanding this, but it appears to be no more than an attack on the sufficiency of the evidence, an issue raised on direct appeal from the conviction and decided adversely to appellant on an adequate record. The federal habeas court, nevertheless, again considered the issue and rejected Hooks' argument.

(5) That he was denied the right to speak at sentencing. The habeas judge examined, and we have examined, the minutes which show that Hooks was offered the right to speak and said nothing.

■ Thus none of the errors allegedly committed by the state trial court possessed sufficient colorable or arguable merit that petitioner's appellate counsel failed in either diligence or effectiveness by not pressing them on appeal.

■ A related or overlapping claim by Hooks is that he was deprived of constitutional rights because neither he nor his lawyer had a transcript of the hearing on motion for new trial and of the sentencing proceedings. This claim is tied in with the contentions already disposed of above that appellant was deprived of his right to speak at the motion for new trial hearing and at sentencing. Hooks also asserts that he was not permitted by his attorney to obtain and use the trial transcript. If a defendant is represented by counsel on appeal who has a copy of the trial transcript, there is no constitutional requirement that the defendant also be provided with physical custody of a copy of the transcript. Smith v. Beto, 472 F.2d 164 (CA5, 1973) and United States v. Fay, 230 F.Supp. 942, 948 (S.D.N.Y.1964).

Appellant's motion to strike the brief of appellee is denied.

The decision of the District Court is affirmed.