Ramiro MENDIOLA,
Petitioner–Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections,
Respondent–Appellee.

No. 80–1418
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 29, 1981.

Ramiro Mendiola, pro se.

Joe Foy, Jr., Asst. Atty. Gen., Austin, Tex., for respondent–appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

Petitioner–Appellant Ramiro Mendiola was convicted by a jury in Texas state district court of the felony offense of delivery of heroin–a crime under the Texas Controlled Substances Act, Tex.Rev.Civ.Stat. Ann. art. 4476–15 (Vernon 1976). He was given a life sentence pursuant to the enhancement provisions of Tex. Penal Code Ann. § 12.42 (Vernon 1974), based on two prior felony convictions. The Texas Court of Criminal Appeals affirmed his conviction in an unpublished per curiam opinion, a copy of which is reproduced in the record on this appeal at page 49; the decision is noted at *Mendiola v. State*, 579 S.W.2d 940 (Tex. Cr.App.1979). On federal habeas, Mendiola urged a number of grounds for habeas relief, including some of the same grounds that he urged upon his direct appeal in the Texas Court of Criminal Appeals. The State conceded that he had exhausted his

state remedies on all grounds. Mendiola now appeals from the denial of habeas relief under 28 U.S.C. § 2254 (1976) in the court below. We affirm.

## I. ENHANCEMENT OF SENTENCES UNDER THE TEXAS CONTROLLED SUBSTANCES ACT

 Mendiola first contends that the Texas enhancement statute, Tex. Penal Code Ann. § 12.42, should not be applicable under Texas' substantive law to convictions founded on the Texas Controlled Substances Act, Tex.Rev.Civ.Stat.Ann. art. 4476–15. We note that the United States Supreme Court has repeatedly upheld the constitutionality of this enhancement statute or its predecessor. *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Absent a claim that the statutes or their application are contrary to the federal Constitution, the relationship between section 12.42 and article 4476–15 is purely a question of state law. State courts are the ultimate expositors of their own states' laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a State's criminal statutes by the courts of that State except in extreme circumstances, none of which are present here. *E. g., Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 1885, 44 L.Ed.2d 508 (1975); *Holloway v. McElroy*, 632 F.2d 605, 631 (5th Cir. 1980).

Mendiola presented this same argument to the Texas Court of Criminal Appeals in his direct appeal. That court specifically held that his argument was foreclosed by *Young v. State*, 552 S.W.2d 441, 443 (Tex. Cr.App.1977), which approved the application of section 12.42 to enhance a sentence for possession of heroin under article 4476–15. *See also Chambers v. State*, 601 S.W.2d 360, 362 (Tex.Cr.App.1980) (affirming conviction under article 4476–15, with an enhanced sentence); *Britton v. State*, 578 S.W.2d 685 (Tex.Cr.App.1979) (en banc) (affirming conviction based on article 4476–15 for possession of heroin, with enhanced sentence under section 12.42); *Graham v. State*, 546 S.W.2d 605, 608 (Tex.Cr.App. 1977) (convictions obtained prior to enactment of article 4476–15 could be used for enhancement purposes, and such usage was not an unconstitutional ex post facto application of article 4476–15). Mendiola cites *Moore v. State*, 545 S.W.2d 140 (Tex.Cr. App.1977), and *Ex parte Barnes*, 547 S.W.2d 631 (Tex.Cr.App.1977), in support of his contention, but we note that those cases dealt with the inapplicability of the "criminal attempt" provisions of Tex. Penal Code § 15.01 to article 4476–15; they have nothing to do with enhancement.

We agree with the court below that the application of section 12.42 comported with state law, and that no federal constitutional question is presented on this issue.[1]

---

1. By letter supplementing his brief, Mendiola also cites three recent Supreme Court cases that he contends are relevant to this question. None affects our conclusion.

In *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980), appellant Hicks had a statutory right under Oklahoma law to have his sentence fixed by a jury. At his state–court trial, the jury had been instructed that they had to impose a 40–year sentence under Oklahoma's enhancement statute, based on Hicks' past felony convictions; subsequent to Hicks' trial, the Oklahoma courts declared this enhancement statute unconstitutional. The Oklahoma Court of Criminal Appeals declined to order that Hicks be resentenced, however, holding that any error was harmless in his case, since the 40–year sentence he received was within the range of punishment that could have been imposed without the enhancement

statute. The Supreme Court reversed. Hicks had the right *under Oklahoma law* to be sentenced by a jury, and the state appellate court conceded that the instructions under which the actual jury in his case had operated were defective. The crucial point for the Supreme Court was that a properly instructed jury could well have imposed a sentence of less than 40 years. When the Oklahoma Court of Criminal Appeals deemed any error in Hicks' sentencing to be "harmless," it arbitrarily deprived Hicks of his liberty: the error under state law patently was not harmless, given the significant possibility that a properly instructed jury would, under Oklahoma law, have imposed a lesser sentence. It was this arbitrary refusal to accord Hicks the benefits due him under state law that rose to the level of a deprivation of a right protected by the federal Constitution.

## II. THE ADMISSIBILITY OF THE PRIOR CONVICTIONS USED FOR ENHANCEMENT

Mendiola next contends that one of the prior convictions that was used against him for enhancement purposes was based on a defective indictment. Specifically, he alleges that the indictment failed to allege the specific amount of money taken in the theft and the name of its owner. He does not contend, however, that he objected to the introduction of this conviction at the enhancement proceedings, on this or any other ground.

■ We agree with the district court that under Texas' contemporaneous objection rule, he has thus waived his right to assert this claim by his failure to object to the introduction of the conviction at the enhancement proceeding—regardless of whether this was through a deliberate bypass of his right to object, or merely through a procedural default of his appointed counsel. We are bound to honor Texas' contemporaneous objection rule under the Supreme Court's holding in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), unless Mendiola has shown both "cause" and "prejudice" within the meaning of *Wainwright v. Sykes. See Madeley v. Estelle*, 606 F.2d 560, 561 (5th Cir. 1979) (habeas petitioner may be barred under *Sykes* by counsel's failure to object to introduction of prior conviction at Texas enhancement proceeding).

In Mendiola's case, by contrast, the Texas appellate court concluded that, under state law, there was no error in Mendiola's sentencing. It held, in effect, that Mendiola received all the process to which he was due under state law. Because state law does not accord to Mendiola the substantive right not to be sentenced under the Texas enhancement statute, the State has not deprived him of any right by failing to order that he be resentenced. Because he has not been deprived of any right under state law, there can be no question as to whether there has been the sort of *arbitrary* deprivation of a liberty interest that would implicate Mendiola's federal due process rights.

This case is also distinguishable from *Willeford v. Estelle*, 538 F.2d 1194 (5th Cir. 1976), vacated, —— U.S. ——, 100 S.Ct. 3032, 65 L.Ed.2d 1126 (1980) (vacated and remanded for

■ Although Mendiola asserted in the court below that he would be able to show "cause" and "prejudice" sufficient to escape the rule of *Sykes* were he granted an evidentiary hearing, he at no time alleged a specific factual basis for that assertion; rather, he only argued that whatever his counsel had in mind, he personally did not intend to waive any rights he might have to object to the introduction of this conviction. Although one of his contentions is that he received ineffective assistance of counsel on his direct appeal, he does not argue that he received ineffective assistance of counsel at his trial. In these circumstances, we agree with the district court that there was no need to hold a hearing to determine whether there was "cause" for the failure to object to the introduction of the past conviction, or "prejudice" accruing therefrom, and that Mendiola is barred under *Sykes* from pursuing this claim on federal habeas.

■ Mendiola next contends that the introduction in the enhancement proceedings of "copies of copies" of his previous judgments of conviction violated Texas' evidentiary rules—specifically, that such documents, which were obtained from his "pen packet" instead of from the convicting courts, were inadmissible hearsay under Texas law. We cannot tell from the record before us whether an objection was made to the introduction of these documents at the enhancement proceedings; if not, this ground, too, would be foreclosed by Texas' contemporaneous objection rule and *Sykes*.

reconsideration in light of *Hicks*), for the same reason: *Willeford* also involved a refusal by the Texas Court of Criminal Appeals to remand for resentencing based on what it conceded was an initial error under state law in sentencing; in this case there was no such error.

Mendiola also cites *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), in support of his argument that we should second-guess the Texas Court of Criminal Appeals as to whether section 12.42 can apply to convictions under article 4476-15. *Bifulco* dealt with the construction of the punishment provisions of a *federal* criminal statute—a question as to which the federal courts are the ultimate authority. *Bifulco* does not authorize the federal courts to disregard principles of federalism in the manner Mendiola seeks.

■ We need not remand for a determination of whether an objection was made, however. It is clear that even assuming *arguendo* that these documents were inadmissible under Texas' laws of evidence, and assuming that a proper objection was timely made, their admission into evidence did not drain the proceeding of fundamental fairness.

We have repeatedly admonished that "we do not sit as a 'super' state supreme court" in a habeas corpus proceeding to review errors under state law.... The "mere violation of evidentiary rules by the state trial court does not in itself invoke habeas corpus relief, but only where the violation of the state's evidentiary rules results in a denial of fundamental fairness should habeas be granted...."

*Cronnon v. Alabama*, 587 F.2d 246, 251 (5th Cir.) (quoting Fifth Circuit cases), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 792 (1979). We agree with the district court that Mendiola is therefore not entitled to federal habeas relief on this ground. *See also Butts v. Wainwright*, 575 F.2d 576, 578 (5th Cir. 1978).

## III. EFFECTIVENESS OF APPELLATE COUNSEL

Finally, Mendiola contends that he was denied effective assistance of appellate counsel in his direct appeal to the Texas Court of Criminal Appeals. Mendiola points to the fact that while his counsel at trial, Arthur Guzman, included five points of error in his motion for a new trial, Mendiola's appellate counsel, Antonio Cantu, presented only one ground of error for review by the Texas Court of Criminal Appeals. The State's response to this contention in the court below was to introduce a certified copy of the pro se brief that Mendiola filed in his direct appeal to supplement the brief filed by his appellate counsel. Included in this pro se brief were all of the points of error that Mendiola contends his appellate counsel should have argued; additionally, Mendiola argued in this brief that he was being denied effective assistance of appellate counsel.

The Texas Court of Criminal Appeals' per curiam opinion clearly indicates that that court considered each of these points: "By pro se brief, appellant raises five additional grounds of error. We have carefully examined each, and find them to be without merit, or unsupported by the record in the instant cause." Record on Appeal at 49.

■ We agree with the district court that Mendiola was not denied effective assistance of appellate counsel. The omission of alleged points of error that are deemed meritless by appellate counsel does not, by itself, constitute ineffective assistance. *See Hooks v. Roberts*, 480 F.2d 1196, 1197 (5th Cir. 1973), *cert. denied*, 414 U.S. 1163, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974). Further, Mendiola has not shown any prejudice whatsoever from his appellate counsel's failure to argue these grounds: though not trained in the law, Mendiola lifted these points of error from his trial counsel's motion for a new trial and placed them before the appellate court in his own pro se brief; the appellate court "carefully examined" each point. In *Hooks v. Roberts, supra*, we evaluated the merits of a similar claim of ineffective assistance of appellate counsel by examining, one by one, each of the omitted grounds; because we found that each had no merit, we affirmed the district court's denial of habeas relief. Here, we need not hypothesize as to whether any of the omitted points of appeal would have made a difference to the appellate court, for those points were actually considered--and rejected--by that court.

In summary, we agree with the district court that none of Mendiola's asserted grounds justify federal habeas corpus relief. Accordingly, the judgment of the district court is

AFFIRMED.