IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50496
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTOS LIMONES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-97-CV-34
USDC No. DR-92-CR-80-1
--------------------
August 4, 1999

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:[*]

    Santos Limones, federal prisoner # 63031-080, appeals the
district court's denial of his motion to vacate sentence pursuant
to 28 U.S.C. § 2255.  Limones contends that the district court
erred in refusing to consider his objections to the magistrate
judge's report and recommendation, that the presentence
investigation report contained unreliable information, and that
his counsel was ineffective at sentencing and on appeal for
failing to seek a minimal- or minor-role reduction under U.S.S.G.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 3B1.2 and failed to challenge the sentencing court's use of 94 kilograms of cocaine for calculating the base offense level.

Limones has not provided an affidavit asserting the date on which he mailed his objections to the magistrate judge's report. However, even assuming that he did mail those objections before the day they were due (which would render them timely filed, see Thompson v. Rasberry, 993 F.2d 513, 515 (5th Cir. 1993)), the error of the district court was harmless because Limones merely reurged the legal arguments he raised in his original petition and offered no new factual allegations that were supported. See Smith v. Collins, 964 F.2d 483, 485 (5th Cir. 1992).

Limones's challenge to the inaccuracies of the presentence investigation report is not properly before this court. The district court did not grant a certificate of appealability (COA) on this issue and Limones did not request that this court issue COA. See Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997); cf. United States v. Kinder, 150 F.3d 429, 431 (5th Cir. 1998).

Limones's assertions that his counsel rendered ineffective assistance for failing to challenge various issues at sentencing are the issues upon which the district court granted COA. However, Limones has not shown that he is entitled to relief on these grounds. The trial testimony showed that Limones was more than a mere courier or "mule" and that he had been involved in conversations regarding the drug transactions. Despite his assertions that the drug quantity used for sentencing was unreliable, Limones has offered no evidence to controvert the

trial testimony of one shipment.  Although a government witness testified that the agreement to sell another shipment and the actual amount of cocaine delivered were different, this difference involved only one kilogram and did not affect the base offense level in the Sentencing Guidelines.  Limones's attorney's failure to request the reduction or to challenge the drug quantity does not constitute deficient performance.  See Strickland v. Washington, 466 U.S. 668, 689-94 (1984); Spriggs v. Collins, 993 F.2d 85, 88-89 (5th Cir. 1993); Mendiola v. Estelle, 635 F.2d 487, 491 (5th Cir. Unit A 1981)(counsel's refusal to advance a meritless objection does not constitute ineffective assistance).  The district court's denial of relief is therefore AFFIRMED.