Jerome B. HINES, Jr.

v.

State of LOUISIANA.

No. Civ. 97–2618.

United States District Court,
E.D. Louisiana.

Feb. 18, 2000.

Jerome B. Hines, Jr., St. Gabriel, LA, pro se.

Fortune Anthony Dugan, Borrello, Huber & Dubuclet, Metairie, LA, for defendant.

### ORDER AND REASONS

MENTZ, District Judge.

This matter is before the court on a writ of habeas corpus filed by state prisoner Jerome Hines pursuant to 28 U.S.C. § 2254. Upon review of the entire record, the Court has determined that no evidentiary hearing is necessary as all matters can be determined on the record presented. For the reasons set forth below, the court finds that the claims are without merit and the petition is DENIED.

#### A. Factual Background

Hines is a state prisoner serving a twenty-year sentence as a multiple felony offender after being convicted by a jury of simple burglary in violation of Louisiana Revised Statute § 14:62.

On direct appeal, the Louisiana Fourth Circuit Court of Appeals affirmed his conviction in an unpublished opinion. *State v. Hines*, 579 So.2d 532 (La.App. 4th Cir. 1991). Hines' post-conviction application was denied by the trial court. The Louisiana Fourth Circuit Court of Appeals denied his writ application with reasons in an unpublished opinion, *State v. Hines*, 94–K–1120 (La.App. 4th Cir. Aug. 18, 1994), and the Louisiana Supreme Court summarily denied Hines' writ application. *State ex rel Hines v. Lensing*, 679 So.2d 1370 (La. 1996).

#### B. Timeliness and Exhaustion

Hines filed the present § 2254 petition on August 21, 1997, after the April 24, 1996 effective date of the Anti–Terrorism and effective Death Penalty Act of 1996 (AEDPA), and therefore, his claim is governed by its provisions. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997). The AEDPA allows "a person in custody pursuant to the judgment of a state court" one year from the date the petitioner's judgment becomes final to file a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(A). As Hines' judgment became final prior to the AEDPA's effective date, the limitations period began to run for him on the effective date of the AEDPA, giving him a one-year grace period, or until April 24, 1997, to file his petition. *See Fisher v. Johnson*, 174 F.3d 710, 1999 WL 284954 (5th Cir. May 24, 1999); *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir.1998). The parties do not dispute the timeliness of the petition even though Hines filed it after April 24, 1997, because, under the AEDPA, the one-year limitation period was tolled during the period that his state post-conviction applications were pending. *See* 28 U.S.C. § 2244(d)(2); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir.1998).

The State also concedes that Hines has exhausted all available state court remedies as to the issues presented herein.

#### C. Standard of Review Under The AEDPA

Under the AEDPA, amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of fact and law. *Drinkard v. Johnson*, 97 F.3d 751, 767 (5th Cir.1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997), *overruled in part on other grounds, Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). A federal court may not grant a habeas petition for any claim that was adjudicated on the merits in state court unless the state court decision rested on a legal determination that contravenes clearly established Supreme Court precedent, involves an unreasonable determination of the facts in light of the evidence presented, or an unreasonable application of clearly established federal law to the facts of the case.

*Id.* at 768 (citing 28 U.S.C. § 2254(d)(1) and (2)). The Fifth Circuit has defined "unreasonable" as used in the AEDPA as a state court decision so clearly incorrect that it would not be debatable among reasonable jurists. *Id.* at 769. The AEDPA combines the requirement of unreasonableness with a "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. *Id.* at 766; § 2254(e)(1). Thus, the AEDPA's analytical framework mandates federal court deference to the state court adjudication process, and particularly its factual determinations. This is the standard that will be applied in reviewing Hines' § 2254 petition before this court.

### D. Claim I

Hines argues that his 1989 multiple bill conviction is constitutionally invalid because the conviction was established by the use of an unconstitutional prior conviction on which the defendant received ineffective assistance of counsel.

The predicate offense used in the multiple bill hearing was Hines' 1986 conviction for indecent behavior with a juvenile. On August 22, 1986, Hines plead guilty to the crime of indecent behavior with a juvenile. He now argues that he was not properly advised by the court, his attorney, or the indictment of the nature of the charge before entering his plea of guilty.

On Hines' application for post-conviction relief, the Louisiana Fourth Circuit Court of Appeals determined that the state proved at Hines' multiple offender hearing that he was advised of his rights and represented by counsel at the prior guilty plea. The state court further found that the transcript from the prior guilty plea shows that Hines understood the nature of the offense with which he was charged. The court implicitly rejected the argument of ineffective assistance of counsel or defective bill of information. *State v. Hines,* No. 94–K–1120, slip op. at 1 (La.App. 4th Cir. Aug. 18, 1994).

A plea of guilty must be a voluntary, knowing, and intelligent act as a matter of due process. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). Before accepting a plea of guilty, the trial court must ensure that the defendant fully understands the plea and its consequences. *Id.* 395 U.S. at 244, 89 S.Ct. at 1712; *Taylor v. Whitley,* 933 F.2d 325, 329 (5th Cir.1991), *cert. denied,* 503 U.S. 988, 112 S.Ct. 1678, 118 L.Ed.2d 395 (1992). For federal habeas purposes, a defendant understands the consequences of his plea if he understands the maximum sentence he may receive. *Hobbs v. Blackburn,* 752 F.2d 1079, 1082 (5th Cir.1985), *cert. denied,* 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985). The judge need not necessarily read the bill of information or indictment against the defendant or explain the elements of the offense to satisfy the requirement that defendant understand the nature of the charges against him. *Id.* at 1081. Hines has the burden of proving that he is entitled to relief on the ground that his plea was involuntary. *United States v. Smith,* 844 F.2d 203, 208 (5th Cir.1988).

At the guilty plea hearing, the trial court explained the rights that Hines would be giving up if he pleaded guilty. Hines stated that he understood. Hines also stated that he was satisfied with his attorney. He also signed a Waiver of Constitutional Rights/Plea of Guilty form indicating that he understood the nature of the charges and the rights he was waiving. The form further stated that "[t]he acts constituting the offense to which I am pleading guilty have been explained to me as well as the fact that for this crime I could possibly receive a sentence of 0–5 years w/wo hard labor and/or $5,000 fine or both." The guilty plea form is prima facie evidence of the fact that Hines was informed of and understood the elements of the offense to which he pled guilty. *Bonvillain v. Blackburn,* 780 F.2d 1248,

1250 (5th Cir.), *cert. denied,* 476 U.S. 1143, 106 S.Ct. 2253, 90 L.Ed.2d 699 (1986). There is no evidence to support a contrary conclusion.

While the guilty plea transcript shows that Hines was not expressly informed at the hearing of the elements of indecent behavior with a juvenile, Hines clearly stated that he understood the charge:

> It's just that I have already got an understanding of what the charge, the definition of the charge is, okay? I have an understanding of what the definition is and with that definition, I feel there is no defense for it.

Tr. at 6. The court advised Hines more than once that he did not have to plead guilty if he did not want to.

When Hines pled guilty, he did so pursuant to a favorable plea bargain agreement with the State and the trial court. In exchange for his plea of guilty, he received a sentence of one year at hard labor with credit for time served, rather than the maximum sentence of five years and/or a fine of five thousand dollars.

Hines also claims that the bill of information failed to put him on notice of the nature of the charge. Specifically, he argues that the bill of information failed to include an essential element of the offense—that the offense must be committed "with the intention of arousing or gratifying the sexual desires of either person," and counsel was ineffective in failing to challenge the indictment on that ground.

■ "If the question of the sufficiency of the indictment is presented to the highest state court of appeals, then consideration of the question is foreclosed in federal habeas corpus proceedings." *Morlett v. Lynaugh,* 851 F.2d 1521, 1523 (5th Cir. 1988), *cert. denied,* 489 U.S. 1086, 109 S.Ct. 1546, 103 L.Ed.2d 850 (1989). Hines raised the issue of the sufficiency of the bill of information in his post-conviction writ application to the Louisiana Fourth Circuit Court of Appeals, which implicitly rejected the contention. Hines is there-

fore foreclosed from proceeding on this ground in this forum. *See Id.* The court finds in the alternative that the bill of information, which charged Hines with "indecent behavior with a juvenile ... age fourteen years ... by commission of lewd/lascivious acts ...," was sufficient to put Hines on notice that the offense involved a sexual aspect. Moreover, the court has previously found that the record supports the decision that Hines was aware of the nature of the offense prior to entering his plea. Therefore, any deficiency in the indictment was remedied prior to the guilty plea.

Hines has not shown that had his attorney challenged the indictment, the state could not have amended it, or that he would have pled differently.

On a claim of ineffective assistance of counsel, the petitioner must establish both deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In addressing counsel's performance, the court must determine whether the attorney's assistance was reasonable in light of all the circumstances. *Id.,* at 688, 104 S.Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'." *Id.* at 689, 104 S.Ct. 2065 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)).

To prove the prejudice prong of the test, the defendant "must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Pratt v. Cain,* 142 F.3d 226, 232 (5th Cir.1998) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068). "A 'reasonable probability' is a probability to undermine confidence in the outcome of the

proceeding." *Id.* Thus, the second prong focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

■ Hines has failed to meet either prong of the *Strickland* test. A convicted defendant who has been advised by competent counsel may not collaterally attack a voluntary and intelligent guilty plea. *Mabry v. Johnson,* 467 U.S. 504, 508, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437 (1984); *Taylor v. Whitley,* 933 F.2d 325, 327 (5th Cir.1991), *cert. denied,* 503 U.S. 988, 112 S.Ct. 1678, 118 L.Ed.2d 395 (1992). The state court record shows that counsel explained the charge to Hines. Even if he did not explain the offense, then the record is clear that there was no prejudice because Hines understood the charge and was fully aware of the rights he was giving up when he pled guilty. The allegedly defective bill of information does not establish that counsel was ineffective for failing to object where the evidence shows that Hines' plea was entered knowingly and intelligently, that he was aware of the elements of the offense, and the bill of information identified the nature of the offense and the sexual aspect of it. Hines pleaded guilty only after being informed of his rights and in exchange for a very favorable plea agreement.

Thus, the evidence shows that the state court's denial of Hines' claim based on a finding that he was advised of his rights and understood the nature of the offense does not contravene clearly established Supreme Court precedent, and does not involve an unreasonable determination of the facts in light of the evidence presented or an unreasonable application of federal law to the facts.

### E. Claim 2

Hines argues that his counsel at the multiple offender hearing was constitutionally ineffective for failing to adequately investigate the record on the predicate offense and object to its use. Hines argues that his counsel should have argued that the prior conviction was invalid for the same reasons Hines argued on Claim One. Hines also cites the fact that at the hearing his counsel mistakenly referred to the prior conviction as "carnal knowledge" of a juvenile, rather than indecent behavior with a juvenile.

■ On his post-conviction application, the Louisiana Fourth Circuit Court of Appeals held that Hines failed to carry his burden of proof to show the two-part *Strickland* elements. The Fourth Circuit specifically found that "[t]he transcript shows that counsel adequately assisted relator in attempting to prove that the prior plea was unknowing." *State v. Hines,* No. 94–K–1120 at 2.

The Fourth Circuit correctly held that the two-part *Strickland* test of deficient performance and prejudice governs this claim. The record also shows that the appellate court's finding that counsel adequately assisted Hines is not unreasonable.

The transcript of the multiple offender hearing shows that counsel challenged the voluntariness of the prior conviction in argument and through his questioning of Hines. Hines was allowed to state to the court his belief that he was not adequately advised by his attorney at the prior guilty plea, and that he did not knowingly or voluntarily enter his plea of guilty.

Hines' attorney's mistaken reference to "carnal knowledge" did not prejudice Hines, because the court was aware through the testimony of other witness at the multiple offender hearing as well as the guilty plea form, which was admitted in evidence, that the prior conviction was for indecent behavior with a juvenile. There is no evidence that this mistaken reference prejudiced Hines in the determination that he was a multiple offender. Hines did not dispute that he pled guilty to a prior offense, only that he did not do so knowingly. Furthermore, it is clear from the sentencing transcript, that the court

was aware that the predicate offense was indecent behavior with a juvenile. Having found that none of the alleged deficiencies at the prior guilty plea amounted to a constitutional violation, any failure of counsel at the multiple bill hearing to expound upon the alleged invalidity of the prior plea cannot amount to constitutionally ineffective assistance of counsel. Hines has failed to show prejudice, even if it could be said that his counsel's performance was deficient in some way.

Hines has failed to show that the Fourth Circuit's decision was an unreasonable application of clearly established federal law to the facts of the case.

### F.  Claims 3 and 9

Hines claims that his due process rights were violated because the trial court imposed a vindictive, excessive, and disproportionate sentence as a result of his exercise of the right to a jury trial. Hines further claims that his appellate counsel was constitutionally ineffective for failing to raise these issues on appeal. Hines cites the highlighted portions of the following passage from his sentencing transcript as evidence of the court's vindictiveness:

> Well, the Court is well aware of the facts of this case and well aware of the factual multiple bill for which the defendant was found guilty of. The Court is also well aware of the defendant's record. The defendant has to go to jail, so it's not a situation of probation; it's a question of how many years. And the defendant has certainly—the Court considers the defendant incorrigible. The defendant was already found guilty in Section "C" of this building for indescent [sic] behavior with a juvenile, which he pled guilty as charged. He was also found guilty [sic] or pled guilty to R.S. 14:64, relative to armed robbery, which was not linked up in the bill information—I mean which was not linked up in the multiple bill information. *The Court considers any lesser sentence we would give would deprecate the seriousness of this offense and certainly would throw a shadow over the whole sentencing process of this judicial system when a man like this goes—and I might add has the audacity to challenge the facts of this case to which the defendant was found guilty on which this court found incredible from the beginning. The court will sentence the defendant for the above mentioned reasons to twenty years with the Department of Corrections, giving him credit for time served.*

Sentencing Tr. at 2–3 (Emphasis added).

The Fourth Circuit Court of Appeals considered this passage together with Hines' denials of guilt at the multiple offender hearing, and found that "the trial judge's remarks appear to be a reference to [Hines'] lack of remorse and not an indication that the sentence was vindictive." The Fourth Circuit further stated:

> Moreover, considering that [Hines] was adjudicated a multiple offender based on a prior conviction of indecent behavior with a juvenile, that he was convicted in 1976 for armed robbery, and that he showed no remorse for the predicate or instant offenses, the sentence is not disproportionate to the offender or the offense committed.

*State v. Hines*, No. 94–K–1120 at 3.

▮▮▮▮ It is well-settled law that a defendant may not be subjected to more severe punishment for exercising his constitutional right to stand trial. *Wasman v. United States*, 468 U.S. 559, 568, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). Examination of the records reveals that the Fourth Circuit's determination that the trial court's comments referred to Hines' refusal to accept responsibility for his own actions, rather than the exercise of his due process rights, is not an unreasonable application of federal law to the facts of the case.

▮▮▮▮ Regarding the alleged excessiveness of the sentence, federal law prohibits through the Eighth Amendment's cruel and unusual punishment clause, sentences that are grossly disproportionate to

the crime. *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992). "Although wide discretion is accorded a state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law." *Haynes v. Butler*, 825 F.2d 921, 923–24 (5th Cir.1987), *cert. denied*, 484 U.S. 1014, 108 S.Ct. 717, 98 L.Ed.2d 667 (1988).

■ Hines' sentence for simple burglary to twenty years with credit for time served was within the range provided by Rev. Stat. § 15:529.1 for multiple offenders, but less than the maximum sentence possible. Where a sentence is within statutory limits, "the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an 'arbitrary or capricious abuse of discretion,' ... or that an error of law resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty." *Id.* at 924 (citations omitted).

■ Hines has made no such showing. The Fourth Circuit correctly noted that the trial court considered the gravity of the crime committed, the likelihood that Hines would commit more crimes, and his lack of remorse. These factors are appropriate bases for a sentencing decision, and the sentence was imposed within the statutory authority of the trial court.

■ In addressing Hines' challenge to the proportionality of his sentence, the court must make a threshold comparison between the gravity of the offense and the severity of the sentence. Only if the sentence is grossly disproportionate to the offense does the court consider sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316.

■ To determine whether a sentence is "grossly disproportionate," the court looks to *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), as a benchmark. *United States v. Gonzales*, 121 F.3d 928, 943 (5th Cir.1997), *cert. denied*, 522 U.S. 1063, 118 S.Ct. 726, 139 L.Ed.2d 664 (1998). In *Rummel*, the United States Supreme Court found that a life sentence for obtaining $120.75 by false pretenses on a third conviction with prior felony convictions for fraud and forgery was not grossly disproportionate to the offense. *Rummel*, 445 U.S. at 274–76, 100 S.Ct. at 1139–40. In comparison with the convictions in *Rummel*, Hines' predicate and current offenses are more serious. The trial court sentenced Hines to twenty years imprisonment based on the seriousness of the offense, his prior criminal history, and his lack of remorse. The trial judge specifically found that Hines was "incorrigible." Sentencing Tr. at 2. Thus, the decision of the Fourth Circuit Court of Appeals that the "sentence is not disproportionate to the offense" is not contrary to clearly established federal law, nor an unreasonable application of law to the facts of the case.

■ Where an allegation of ineffective assistance of appellate counsel is based on a failure to advance certain issues on appeal, there is no constitutional violation when the proposed issues are without merit. *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir.1981); *Hooks v. Roberts*, 480 F.2d 1196, 1197 (5th Cir.1973), *cert. denied*, 414 U.S. 1163, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974). Since the evidence does not support the claims of vindictiveness, excessiveness, or disproportionateness, the court finds that there was no prejudice in appellate counsel's failure to raise those issues on appeal.

### G. Claim 4

Hines claims that he was denied effective assistance of counsel on appeal because his appellate counsel failed to raise the arguments that: (1) Hines did not

knowingly and intelligently plead guilty to the prior offense of indecent behavior with a juvenile; (2) that counsel at his multiple offender hearing was ineffective; and (3) that Hines received a vindictive and excessive sentence.

■■■■■ Persons convicted of a crime are entitled to effective assistance of counsel in their first appeal of right. *See Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 834–35, 83 L.Ed.2d 821 (1985). The *Strickland* test applies to appellate counsel as well as trial counsel. *See Goodwin v. Johnson,* 132 F.3d 162, 170 (5th Cir.1997). Counsel is not ineffective merely because of a failure to raise every possible point or theory on appeal. *West v. Johnson,* 92 F.3d 1385, 1396 (5th Cir.1996), *cert. denied,* 520 U.S. 1242, (1997).

The issues Hines argues should have been raised on appeal have been determined to be without merit. Therefore, Hines cannot show prejudice for failure to raise these issues, and his appellate counsel is not ineffective for failing to raise them.

Hines has failed to show that the state court decision was contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or that the state court's determination of facts was unreasonable in light of the evidence.

### H. Claim 5

Hines claims that he received ineffective assistance of counsel at his motion to suppress hearing because his attorney failed to present the testimony of Officer Keith Johnson, one of the arresting officers who allegedly beat and threatened him into making an involuntary confession. Hines claims that the failure to present Officer Johnson's testimony prejudiced him because he was not able to question him about the alleged physical coercion, which led to the court allowing the State to use the confession at trial.

The Fourth Circuit Court of Appeals found that Officer Carlos Rodriguez, another arresting officer, testified at the hearing on behalf of the State. The court concluded that Hines failed to show that counsel's performance was deficient or that the absence of Officer Johnson's testimony affected the outcome of the proceeding. *State v. Hines,* No. 94–K–1120 at 3.

■■■■■ "[I]n order to establish counsel was rendered ineffective by virtue of a failure to investigate the case against a defendant or to discover and present evidence, a convicted defendant must do more than merely allege a failure to investigate; he must state with specificity what the investigation would have revealed, what evidence would have resulted from that investigation, and how such would have altered the outcome of the case." *Adanandus v. Johnson,* 947 F.Supp. 1021, 1038 n. 53 (W.D.Tex.1996), *aff'd,* 114 F.3d 1181 (5th Cir.1997) (citations omitted).

■■■■■ Hines alleged in his pre-trial briefs that both Officer Rodriguez and Officer Johnson beat him. The record shows that the State called one of the arresting officers, Officer Rodriguez, to testify at the motion to suppress. He testified that Hines was not threatened or coerced into making any kind of statement. Hines has not produced any evidence that Officer Johnson would have testified differently nor shown how his testimony would have benefitted Hines. Counsel's decision not to call Officer Johnson may have been a tactical decision given the likelihood that he would testify the same as Officer Rodriguez. Hines was able to put details of the alleged physical coercion into evidence through his own testimony. Hines has not shown that there is a reasonable probability that the result of the suppression hearing would have been different if an additional police officer had testified.

This court does not believe that the Fourth Circuit's decision was an unreasonable determination of the facts, or contrary to or an unreasonable application of clearly established federal law.

## I. Claims 6 and 7

Hines claims that the jury instruction on reasonable doubt was unconstitutional and that counsel was ineffective for failing to object to the charge.[1]

The Fourth Circuit Court of Appeals found that the jury charge was given prior to the Supreme Court's decision in *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), and therefore he was not entitled to relief, citing *State v. Wolfe*, 630 So.2d 872 (La.App. 4th Cir.1993), *writ denied*, 644 So.2d 648 (La.1994). The court further noted that the jury charge given in Hines' case was not similar to the charge found to be unconstitutional in *Cage*. *State v. Hines*, No. 94–K–1120 at 3.

The trial transcript shows the following charge to the jury:

Ladies and gentlemen, a person accused of a crime is presumed by our law to be innocent until each element of the crime necessary to constitute his guilt is proven beyond a reasonable doubt. It is the duty of the jury, in considering the evidence and in applying to that evidence the law as given by the court, to give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence in the case.

It is the duty of the jury if not convinced of the guilt of the defendant beyond a reasonable doubt to find him not guilty.

The defendant is not required to prove his innocence, but may rest upon the presumption of innocence until it is overthrown by positive, affirmative proof presented by the State.

The burden, therefore, is upon the State to establish to your satisfaction and beyond a reasonable doubt the guilt of the defendant as to the crime charged.

If you entertain a reasonable doubt as to any fact or element necessary to constitute the guilt of the defendant, it is

your sworn duty to give him the benefit of that doubt and return a verdict of not guilty.

This doubt must be a reasonable one. That is, one founded upon a real, tangible and substantial basis and not upon a mere caprice, fancy or conjecture. It must be such a doubt as would give rise to a grave uncertainty raised in your mind by reason of the unsatisfactory character of the evidence.

Likewise, if the State has proved the guilt of the defendant to your satisfaction and beyond a reasonable doubt, you should return a verdict of guilty.

Jury Instructions at 1–2.

In *Cage*, the United States Supreme Court found that use of the phrases "grave uncertainty," "actual substantial doubt," and "moral certainty" when defining reasonable doubt lessened the state's burden of proof in violation of the Due Process Clause. The inquiry for the court is whether there is a reasonable likelihood that the jury applied the charge unconstitutionally. *Estelle v. McGuire*, 502 U.S. 62, 72 and n. 4, 112 S.Ct. 475, 482 and n. 4 116 L.Ed.2d 385 (1991); *Victor v. Nebraska*, 511 U.S. 1, 6, 114 S.Ct. 1239, 1242, 127 L.Ed.2d 583 (1994). The Fifth Circuit held in 1998 that *Cage* is retroactively applicable. *See Humphrey v. Cain*, 138 F.3d 552 (5th Cir.) (en banc), *cert. denied*, 525 U.S. 935, 119 S.Ct. 348, 142 L.Ed.2d 287 (1998).

Under the AEDPA, this court can grant a writ of habeas corpus only if the state court's decision violated Supreme Court precedent in existence at the time of the petitioner's conviction. *Muhleisen v. Ieyoub*, 168 F.3d 840, 844 (5th Cir.) (citing *Drinkard*, 97 F.3d at 768). As *Cage* had not been decided at the time of Hines' conviction in 1991, and the retroactivity of *Cage* has not been resolved by the United States Supreme Court, the Fourth Cir-

---

1. Hines did not brief this issue.

cuit's decision is not contrary to clearly established Supreme Court precedent.

Putting aside the potentially preemptive issues of the lack of a contemporaneous objection to this instruction at trial, and the absence of Supreme Court precedent making *Cage* retroactive to cases on collateral review, this court will follow the practice of the Fifth Circuit in *Muhleisen v. Ieyoub,* 168 F.3d 840, 844 n. 2 (5th Cir. 1999), which recognizes the possibility that the Supreme Court could find that Cage is retroactively applicable under Teague to cases governed by the AEDPA, and address the substance of Hines' claim.

▆▆ The challenged instruction contained the phrase "grave uncertainty" and "substantial basis." These terms used in conjunction have been found constitutional by the Fifth Circuit. *See Thompson v. Cain,* 161 F.3d 802 (5th Cir.1998); *Gaston v. Whitley,* 67 F.3d 121 (5th Cir.1995), *cert. denied,* 518 U.S. 1023, 116 S.Ct. 2561, 135 L.Ed.2d 1078 (1996); *Weston v. Ieyoub,* 69 F.3d 73 (5th Cir.1995); *Messick v. Cain,* 1998 WL 473942 (E.D.La.1998). The charges did not contain any other phrases or terms that have been found to be objectionable. The instructions in the present case do not contain the pivotal damning language as in the *Humphrey* instructions—known as the "articulation requirement,"—which describes a reasonable doubt as "a serious doubt for which you could give a good reason." *See Humphrey,* 120 F.3d at 533. In addition, the instructions in the present case contain mitigating language. The charge contained numerous references and permissible definitions of reasonable doubt so as to ameliorate the effect of the single use of the objectionable terms. Indeed, the instruction here is virtually the same as the instruction found to be constitutional in *Messick v. Cain,* 1998 WL 473942 (E.D.La. 1998). The court finds that "[t]here is no reasonable likelihood that the jurors who determined petitioner's guilt applied the instructions in a way that violated the Constitution." *Victor v. Nebraska,* 511 U.S. 1, 22–23, 114 S.Ct. 1239, 1251, 127 L.Ed.2d 583.

Regarding counsel's alleged ineffectiveness for failing to object to the instruction, counsel's performance cannot be deemed deficient where the prevailing law at the time would render any objection futile. In addition, Hines cannot show that counsel's failure to make an objection prejudiced him because the instruction does not violate *Cage.*

### J. Claim 8

Hines claims that his trial counsel was ineffective for failing to object to the following acts of prosecutorial misconduct during closing argument: (1) intentionally misstating facts; (2) arguing matters outside the evidence; and (3) appealing to the passion and prejudice of the jury. The specific misstatements alleged are: (1) that Hines testified the officers beat him up on the sidewalk; whereas Hines actually testified that he was beaten when he was half-way on the sidewalk and the grass, and also while he was at the police station; (2) that Hines testified he rode around in the front seat of the police car with no handcuffs; whereas Hines actually testified that he was sitting in the back of the police car with his hands handcuffed; (3) that Hines testified he had a drug problem and that the police officers didn't promise him anything; whereas, he actually testified that his drug problem was his problem—not the criminal justice system's problem—and that the police did not promise him anything for that; (4) that the police officers always advise arrestees of their rights, which fact was not in evidence; (5) that the police officers had worked for many years, whereas the evidence showed that one of the officers had worked for the NOPD only two and one-half years; (6) that Hines had a prior offense of molestation of a juvenile, when in fact the prior offense was for indecent behavior with a juvenile; (7) that the NOPD did not have the time or money to tape-record every confession and that Hines' confession was typewritten at the

time it was given, which facts were not in evidence.

The Fourth Circuit Court of Appeals reviewed these misstatements and found that Hines did not establish any prejudice due to his attorney's failure to object to them.

> The jury was instructed during closing argument (in response to an unrelated defense objection) that arguments of attorneys are not evidence and the jury had to rely on their own memories. Defense counsel thoroughly argued the facts to the jury. As to the prosecutor's misstatement of the predicate offense, the jury was aware that the defendant had two prior felony convictions and the defendant correctly stated during testimony that the predicate offense was indecent behavior with a juvenile. No prejudice was shown.

*State v. Hines,* 94–K–1120 at 4.

▪ The standard for reviewing prosecutorial misconduct in a habeas corpus case is whether the prosecutor's actions are of such a nature as to render the trial fundamentally unfair. *Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). "[I]n a Section 2254 proceeding more than undesirability or even 'universal condemnation' must be shown. Unless a specific guarantee of the Bill of Rights is involved, it must be shown that the remarks were so prejudicial that they rendered the trial in question fundamentally unfair." *Cobb v. Wainwright,* 609 F.2d 754, 755–56 (5th Cir.1980), *cert. denied,* 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 857 (1980). "There is such unfairness only if the prosecutor's remarks evince 'either persistent and pronounced misconduct or ... the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred'." *Kirkpatrick v. Blackburn,* 777 F.2d 272, 281 (5th Cir.1985) (quoting *Fulford v. Maggio,* 692 F.2d 354, 359 (5th Cir.1982), *rev'd on other grounds,* 462 U.S. 111, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983)), *cert. denied,* 476 U.S. 1178, 106 S.Ct. 2907, 90 L.Ed.2d 993 (1986).

▪ This court does not find that the prosecutor's comments, evaluated in the context of the trial as a whole, are persistent and pronounced or that the evidence of guilt was so insubstantial that the conviction would not have occurred but for the improper remarks. With the exception of the prosecutor's reference to molestation of a juvenile, the references were neither so far off the actual evidence nor so significant to the case such that they were likely have any appreciable effect on the jury's verdict. With respect to the prosecutor's misstatement of the prior offense, the Fourth Circuit correctly found that Hines testified as to the correct prior offense. Furthermore, the jury was specifically instructed that the attorneys' closing arguments are not evidence and that the case must be decided only on the evidence introduced at trial. This court is unable to find that without the challenged comments, the jury would have acquitted Hines. The court finds that any prosecutorial misconduct did not deny Hines a fair trial.

Many attorneys decide not to make objections during an opponent's closing argument, especially where the mischaracterization of evidence is slight or the point is not central to the case, for strategic reasons such as avoiding the appearance of hyper technicality, annoying the jury, or bringing attention to something that might result in a disadvantage to the client. Here, where the prosecutor's remarks were not so improper as to render the trial fundamentally unfair, Hines' attorney's failure to object to the remarks, even if deficient, did not prejudice Hines.

This court cannot grant habeas relief on this claim unless the state court's ruling was contrary to or involved an unreasonable application of clearly established Supreme Court authority, or was based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d). No such errors occurred on this claim.

## K. Claim 10

Hines claims that he received ineffective assistance of counsel for failing to conduct necessary pre-trial investigations. The Fourth Circuit Court of Appeals addressed each area where counsel's investigation was allegedly deficient:

> [Hines] asserts counsel was ineffective because he failed to conduct pretrial investigation of 1) an alleged statement from a real estate agent to police that the house was burglarized a few days before Hines' arrest; 2) an armed robbery that allegedly occurred just before [Hines'] interrogation; and 3) evidence that [Hines] sought medical assistance following arrest. (Claim No. 10) [Hines] provides no proof of a real estate agent's statement to police or of a robbery. [Hines] attaches a copy of one page of an undated medical report that states the patient complained he was beaten in May. No other details are provided and the probative value of the copy is questionable. Based on the information before this Court, we are satisfied that counsel's performance was not deficient.

*State v. Hines*, 94–K–1120 (unpublished opinion) at 4.

■■■ A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *See Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir.), *cert. denied*, 525 U.S. 952, 119 S.Ct. 383, 142 L.Ed.2d 316 (1998); *United States v. Lewis*, 786 F.2d 1278 (5th Cir.1986); *Rupert v. Johnson*, 79 F.Supp.2d 680, 698–99 (W.D.Tex.1999); *Adanandus*, 947 F.Supp. at 1038 n. 53. The Fifth Circuit has emphasized that "complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978).

Hines has not shown that the real estate agent was willing and able to testify or that her testimony would have altered the outcome of the trial. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). Hines has failed to produce any factual support for how this investigation would have helped his case.

■■■ Hines failed to allege any specific facts, much less furnish any evidence, to the state courts or this court establishing precisely what additional exculpatory or mitigating evidence or what new defensive theories could have been developed had his trial counsel conducted further investigation into the areas at issue. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) (holding that "without a specific, affirmative showing of precisely what the missing evidence or testimony would have been 'a habeas court cannot even begin to apply *Strickland's* standards' because 'it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance' ") (quoting *United States ex rel. Partee v. Lane*, 926 F.2d 694, 701 (7th Cir.1991), *cert. denied*, 502 U.S. 1116, 112 S.Ct. 1230, 117 L.Ed.2d 464 (1992)). Under such circumstances, Hines failed to satisfy the prejudice prong of *Strickland* with regard to those claims. Therefore, the Fourth Circuit Court of Appeals rejection of Hines' claim was neither the product of an unreasonable application of clearly established Federal law nor the result of an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Accordingly,

IT IS ORDERED that judgment be entered in favor of defendant State of Louisiana and against plaintiff Jerome B. Hines, Jr. dismissing plaintiff's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.