**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Isidro OLIVIER–BECERRIL,
Defendant–Appellant.**

No. 88–2178
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1988.

Robert J. Raab (court-appointed), Chicago, Ill., for defendant-appellant.

Paula C. Offenhauser, Robert A. Berg, Miguel Martinez, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before POLITZ, KING, and SMITH, Circuit Judges.

POLITZ, Circuit Judge:

Convicted of possession of cocaine with intent to distribute, Isidro Olivier–Becerril appeals, contending that his consent to the search of the trunk of the automobile he was driving was not voluntary, and that there was insufficient evidence to support the jury's inference that he had knowledge of the cocaine secreted in a hidden compartment in the trunk. Finding no error, we affirm.

## Background

On October 6, 1987 Olivier drove a Volkswagen Jetta into the permanent checkpoint maintained by the U.S. Border Patrol a few miles south of Falfurrias, Texas. As he displayed a resident-alien card in response to an inquiry about his citizenship, the border patrol agent noted that Olivier was nervous and directed him to a nearby secondary inspection site. Olivier stopped the car, exited, and stood at its rear. The agent suspected that an alien might be hidden in the trunk and asked Olivier to open it. Olivier obliged, opened the locked trunk, and began to assist the agent in looking at the contents. The agent took Olivier's actions as an attempt to distract him.

Inside the trunk the agent found several bags of coffee, a garlic wreath, and a small travel bag. The spare tire lay on the floor of the trunk. The agent knew that coffee was sometimes used to mask the odor of narcotics. Upon closer inspection the agent noted that the trunk was not as deep as it should have been and that there was a spare tire well beneath the trunk floor. When the agent discovered that no entry could be made into the spare tire well because the carpet was glued to the trunk floor, he sought the assistance of a second agent. The presence of bondo, a plastic material used in body repairs of vehicles, was detected.

The second agent punched a small hole in the floor of the trunk and a puff of white powder escaped. The substance tested positive for cocaine and Olivier was arrested. The vehicle then was placed on a lift and the agents found a hidden compartment under the trunk containing 79 kilograms of cocaine. The agents estimated that the compartment had been made within the prior three days. The agents searched Olivier and found a small quantity of cocaine in his wallet.

The vehicle was not registered to Olivier. He told the agents that the Jetta belonged to a friend, who had paid him $500.00 to drive it from Texas to Chicago. The search of the vehicle revealed a receipt for automobile repairs issued in Stone Park, Illinois eight days earlier. The receipt was made out to Olivier.

Olivier moved to suppress the cocaine found in the hidden compartment on the ground that his consent to the search of the trunk was not voluntary. The district court denied his motion. Olivier then attempted to plead guilty, but when he demurred about knowledge of the cocaine the district court rejected the plea. The matter was tried to a jury, which found Olivier guilty of one count of possessing 79 kilograms of cocaine with intent to distribute in violation of 21 U.S.C. § 841, and one count of possessing one gram of cocaine in violation of 21 U.S.C. § 844. On appeal Olivier challenges only the conviction respecting the 79 kilograms.

## Analysis

The warrantless search of the Jetta was justified only if it was conducted pursuant to Olivier's consent, or if probable cause and exigent circumstances existed. *See United States v. Arredondo–Hernandez,* 574 F.2d 1312 (5th Cir.1978). The government does not claim probable cause, but relies instead on Olivier's consent.

To be valid, consent to search must be free and voluntary. *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *United States v. Galberth,* 846 F.2d 983 (5th Cir.1988). The Supreme Court has stated that whether consent is voluntary is "a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973). The

trial court's finding of voluntariness will not be overturned on appeal unless clearly erroneous. *United States v. Sutton,* 850 F.2d 1083 (5th Cir.1988).

We have focused on six factors in the inquiry whether consent to a search is voluntary:

(1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

*Galberth,* 846 F.2d at 987 (citing *United States v. Ruigomez,* 702 F.2d 61 (5th Cir. 1983)). In doing so, we have noted that "although all of the above factors are highly relevant, no one of the six factors is dispositive or controlling of the voluntariness issue." *Id.* (citing *United States v. Gonzales,* 842 F.2d 748 (5th Cir.1988)).

■ Applying these factors to the instant case, we note that although Olivier was not free to leave the secondary inspection area, there is no suggestion in the record that the border patrol agents employed coercion, tricks, or threats to induce him to open the trunk. Rather, the first agent asked permission to inspect the trunk. Olivier complied by unlocking and opening the trunk. Olivier was cooperative during the search, attempting to show the agent the contents, apparently secure in the knowledge that because the hidden compartment was below the trunk floor, and the carpet above was glued to the false top, the inspection of the trunk would disclose nothing. A refusal to open the trunk might have caused the agents to look more closely at the vehicle's undercarriage, and that closer examination might have disclosed the hidden entry door, as indeed later occurred.

We are mindful that Olivier was not informed of his right to refuse to consent.

Although this is an important factor, one which we trust the agents will hereafter assure, "[p]roof of knowledge of the right to refuse consent is not required to show voluntariness." *United States v. Davis,* 749 F.2d 292, 296 (5th Cir.1985); *see also Gonzales,* 842 F.2d at 755 (5th Cir.1988). In light of the totality of all circumstances, we are persuaded that the district court's ruling on the motion to suppress was not clearly erroneous.

Olivier next challenges his conviction, claiming that there was insufficient evidence that he knowingly possessed the hidden cocaine. In our appellate review, we consider the evidence in the light most favorable to the prosecution, and ask whether a rational trier-of-fact could have found the essential elements proven beyond a reasonable doubt. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Palella,* 846 F.2d 977 (5th Cir.1988).

■ Three elements must be proven to sustain a conviction for the crime of possession of cocaine with intent to distribute: (1) the knowing (2) possession of cocaine (3) with intent to distribute it.[1] *See United States v. Richardson,* 848 F.2d 509 (5th Cir.1988). With respect to the second element, "[o]ne who owns or exercises dominion or control over a motor vehicle in which a contraband substance is concealed may be deemed to possess the contraband." *United States v. Vergara,* 687 F.2d 57, 62 (5th Cir.1982); *see also United States v. Moreno,* 579 F.2d 371 (5th Cir.1978). Olivier undoubtedly was in control of the Jetta. The jury could find beyond a reasonable doubt that he possessed the cocaine.

With respect to the first element, knowledge of the presence of a controlled substance "may ordinarily be inferred from the exercise of control over the vehicle in which it is concealed." *Richardson,* 848 F.2d at 513. We have noted, however, that in cases such as that at bar, involving hidden compartments within a vehicle, reliance should not be placed solely on con-

---

**1.** Olivier necessarily concedes that if he knowingly possessed the cocaine, the jury could infer from the large quantity that he intended to distribute it. *See United States v. Moreno-Hinojosa,* 804 F.2d 845 (5th Cir.1986).

trol of the vehicle. Rather, we have looked for additional factors indicating knowledge such as "circumstances evidencing a consciousness of guilt on the part of the defendant." *Id.*

Although Olivier's control of the car, standing alone, may not serve as sufficient proof that he knew the cocaine was hidden in the secret compartment, the finding of the requisite knowledge was reasonable in light of several additional factors. He was nervous when initially approached by the border patrol agent. He appeared to be trying to distract the agent after he opened the trunk. He knew that coffee was in the trunk; coffee is sometimes used to mask the odor of narcotics. A fresh garlic wreath was also there. The repair receipt found in the car reflected that Olivier was in possession of the vehicle one week prior to the search, suggesting that he was in possession when the hidden compartment was built one to three days prior to his arrest. Finally, Olivier was carrying cocaine in his wallet when arrested. Viewed separately, this evidence may be inconclusive. But when considered as a whole, it provides a substantial basis upon which a trier-of-fact could find beyond a reasonable doubt that Olivier knew the cocaine was hidden in the car.

The conviction is AFFIRMED.