IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40010
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ELBERT WILSON,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-74-ALL
- - - - - - - - - -
November 20, 2000

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:*

     Elbert Wilson appeals his guilty-plea conviction for
possession with intent to distribute a controlled substance in
violation of 21 U.S.C. § 841.  Wilson argues that the district
court erred in denying his motion to suppress the evidence
obtained as a result of the stop and search of his vehicle.  He
contends that the initial stop of his vehicle was not based on a
traffic violation, that his prolonged detention exceeded the
reason for his initial stop, and that the search of his vehicle
was not based on probable cause or valid consent.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In reviewing a district court's decision on a motion to suppress, we review questions of law *de novo*, but accept the district court's determination of questions of fact unless its findings are clearly erroneous or are based on an incorrect view of the law. United States v. Gonzales, 79 F.3d 413, 419 (5th Cir. 1996). The evidence is viewed in the light most favorable to the prevailing party, unless this view is inconsistent with the district court's findings or is clearly erroneous based on the evidence as a whole. Id. at 419.

The testimony by the police officer at the suppression hearing was sufficient to support a finding that there was probable cause to stop Wilson's vehicle based on a violation of TEX. TRANSP. CODE ANN. § 545.062(a). Whren v. United States, 517 U.S. 806, 809 (1996); see United States v. Inocencio, 40 F.3d 716, 727-28 (5th Cir. 1994). At the time that the officer requested permission to look in Wilson's trunk, the computer check of Wilson's license had not yet been completed. Therefore, the detention was not extended beyond the facts that justified its initiation. See United States v. Shabazz, 993 F.2d 431, 437 (5th Cir. 1993). Finally, we hold that the determination that Wilson voluntarily consented to the officer's request to search his vehicle's trunk was not clearly erroneous. See United States v. Olivier-Becerril, 861 F.2d 424, 425-26 (5th Cir. 1988).

Therefore, the judgment of the district court is AFFIRMED.