**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 00-30663**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**NO FIRST NAME LAST NAME UNKNOWN,**
**also known as Pablo Garay Aponte,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(99-CR-228-2-D)**

February 26, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellant appeals his convictions for conspiracy to possess and possession with intent to distribute more than five kilograms of cocaine, and for making a false material statement as to his identity to the Drug Enforcement Administration.  He maintains:  the evidence was insufficient to convict him of the drug charges because he was unaware that the automobile in which he was a passenger had a hidden compartment containing the cocaine; and the district court violated his right to confrontation by admitting into evidence documents which had *not* been properly authenticated.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant moved for a judgment of acquittal at the close of the Government's evidence and did *not* present any evidence. Therefore, in evaluating the sufficiency challenge, we must determine "whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt". **United States v. Ortega Reyna**, 148 F.3d 540, 543 (5th Cir. 1998). In doing so, we consider the evidence in the light most favorable to the verdict. **Id.**

Upon our review of the record, there was sufficient evidence from which the jury could infer that Appellant knowingly conspired to possess, and knowingly possessed, the cocaine. Among other things, the evidence of Appellant's guilty knowledge included: testimony that the vehicle, in which Appellant traveled for approximately five hours, smelled "overwhelming[ly] sweet"; Appellant's possession of a remote-control device that, when used in conjunction with the defroster switch, activated the lock on the hidden compartment; and Appellant's use of false identification. *See, e.g.,* **United States v. Olivier-Becerril**, 861 F.2d 424, 427 (5th Cir. 1988) (coffee and garlic placed in trunk to mask narcotics odor permitted inference of knowledge of narcotics presence in vehicle); **United States v. Kalish**, 690 F.2d 1144, 1155 (5th Cir. 1982) (defendant's attempt to conceal identity from arresting officer by use of alias relevant as proof of consciousness of guilt), *cert. denied*, 459 U.S. 1108 (1983).

Concerning the second issue, the admission of evidence is reviewed for abuse of discretion. FED. R. EVID. 103; **United States v.**

*Skipper*, 74 F.3d 608, 612 (5th Cir. 1996). Appellant challenges the admission of documents and photographs from Puerto Rico and an FBI fingerprint card that supported the false identification charge. Appellant failed, however, to include the challenged documents in the record on appeal. Therefore, we will *not* consider the issue. *See, e.g.,* **Powell v. Estelle**, 959 F.2d 22, 26 (5th Cir.), *cert. denied*, 506 U.S. 1025 (1992). In the alternative, the evidentiary challenges lack merit.

First, the district court found the copy of the Puerto Rican police report was certified, and the photographs were appended to it. Even if the document is *not* self-authenticating under Federal Rule of Evidence 902(4), the court did *not* abuse its discretion in admitting it; testimony as to the chain of custody of the document, combined with its internal indicia of reliability, justified admission. *See* **United States v. Jimenez Lopez**, 873 F.2d 769, 772 (5th Cir. 1989).

Second, Appellant did *not* object to the admission of the FBI fingerprint card; therefore, we review only for plain error. *E.g.,* **United States v. Johnston**, 127 F.3d 380, 392 (5th Cir. 1997), *cert. denied*, 522 U.S. 1152 (1998). There was sufficient circumstantial evidence of the card's authenticity. *See* **Jimenez Lopez**, 873 F.2d at 772. Accordingly, Appellant has shown *no* error, plain or otherwise.

In short, Appellant was *not* denied his Sixth Amendment right to confrontation. *See* **Butts v. Wainwright**, 575 F.2d 576, 578 (5th Cir. 1978).

*AFFIRMED*