**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-20640**
**Summary Calendar**

_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**MARISOL GARCIA,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-00-CR-793-1)**

_____

March 29, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Marisol Garcia appeals her conviction for possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii). Garcia claims her consent, at a Houston, Texas, airport, to a search of her body, which revealed approximately one kilogram of cocaine, was involuntary because she was illegally detained in violation of the Fourth Amendment, and there was no intervening break between this violation and her subsequent consent. Garcia maintains also that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the six factors used to determine voluntariness weigh heavily in favor of a finding of coerced consent. *See **United States v. Olivier-Becerril***, 861 F.2d 424, 426 (5th Cir. 1988) (stating six-factor test used to evaluate voluntariness of consent).

"In reviewing the denial of the defendant's motion to suppress, we review the district court's factual findings for clear error and its legal conclusions *de novo*." ***United States v. Green***, 272 F.3d 748, 752 (5th Cir. 2001). "'We view the evidence in the light most favorable to the party that prevailed in the district court.'" ***Id.*** (quoting ***United States v. Hunt***, 253 F.3d 227, 230 (5th Cir. 2001)). "The voluntariness of consent is 'a question of fact to be determined from the totality of all the circumstances.' We will not reverse the district court's finding that consent was voluntary unless it is clearly erroneous." ***United States v. Kelley***, 981 F.2d 1464, 1470 (5th Cir.) (internal citations omitted; quoting ***Schneckloth v. Bustamonte***, 412 U.S. 218, 227 (1973)), *cert. denied*, 508 U.S. 944 (1993).

The district court determined the initial encounter between Garcia and the DEA Agents was consensual. *See **United States v. Cooper***, 43 F.3d 140, 145 (5th Cir. 1995) (officer may generally approach any person to ask for identification or ask questions, as long as officer does not convey that compliance is required). A consensual encounter does not amount to a seizure under the Fourth Amendment. ***Id.*** Garcia voluntarily engaged in conversation with the Agents at their request. At no point during the encounter did she inform them she did not wish to speak to them. There was no violation of Garcia's Fourth Amendment rights.

In addition, Garcia's consent to the search was voluntary. As discussed, Garcia was not in custody during her encounter with the Agents; she voluntarily stopped and talked to them and fully cooperated with them. Garcia was aware of her right to refuse to consent because she had twice refused it before ultimately consenting. Although the facts may slightly favor a finding of coercion with regard to the Agents' discussion of the possibility of obtaining a warrant, and although Garcia knew that incriminating evidence would be found in a search, neither factor is dispositive. *See* **United States v. Tompkins**, 130 F.3d 117, 121-123 (1997), *cert. denied*, 523 U.S. 1036 (1998).

In the light of the entire record, the district court's decision is not clearly erroneous. Therefore, the motion to suppress was properly denied.

*AFFIRMED*

3