IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41213
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MONTE HANHOKYU HAINES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(L-01-CR-275-1)
--------------------
October 2, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Monte Hanhokyu Haines appeals the district court's denial of his motion to suppress the marijuana discovered in his vehicle by border patrol agents at the Agua Nueva permanent checkpoint. He argues that (1) the agents lacked reasonable suspicion to detain him beyond the time necessary to check his immigration status, and (2) he did not voluntarily consent to the search of his tractor-trailer, the vehicle in which the agents discovered the marijuana.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal from the denial of a motion to suppress, we review the district court's factual findings for clear error, and we review de novo the court's legal conclusions, such as whether reasonable suspicion existed. United States v. Inocencio, 40 F.3d 716, 721 (5th Cir. 1994). Further, "[t]he evidence presented at a pre-trial hearing on a motion to suppress is viewed in the light most favorable to the prevailing party." Id. We consider the totality of the circumstances in determining whether reasonable suspicion existed at the time of the detention or search. United States v. Smith, 273 F.3d 629, 634 (5th Cir. 2001).

The district court identified several factors that support the agents' contention that they had a reasonable suspicion of criminal activity. Even if, as Haines asserts, each factor, taken alone, could be consistent with innocent behavior, the relevant inquiry is whether the "totality of the circumstances" created a reasonable suspicion of criminal activity. See Smith, 273 F.3d at 634-35. Viewed in the light most favorable to the government, as the prevailing party, the totality of the circumstances supports the district court's conclusion that the agents had a reasonable suspicion of criminal activity, justifying their continued detention of Haines. See id. The district court did not err in denying Haines' motion to suppress on this basis.

We review the question whether Haines voluntarily and clearly consented to the search of his vehicle under the clearly erroneous standard, which "is particularly strong since the [district court]

2

had the opportunity to observe the demeanor of the witnesses" at the suppression hearing. United States v. Gonzales, 79 F.3d 413, 421 (5th Cir. 1996)(internal quotation marks and citations omitted). Although Haines was not in the custody of the agents and the agents did not inform Haines of his right to deny consent, (1) they did not use any coercive measures to obtain his consent to search the trailer; (2) he appeared cooperative; and (3) he was an experienced truck driver who had been through checkpoints innumerable times. See United States v. Olivier-Becerril, 861 F.2d 424, 426 (5th Cir. 1988). Furthermore, when viewed in the light most favorable to the government, the testimony of the agents and Haines supports the district court's finding that Haines voluntarily and clearly consented. The district court did not err in denying Haines's motion to suppress based on the finding of clear and voluntary consent.

As Haines concedes, his challenge to the constitutionality of permanent checkpoints is foreclosed by United States v. Martinez-Fuerte, 428 U.S. 543 (1976), which we are bound to follow. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).

The district court's judgment is, in all respects, AFFIRMED.