United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41419
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD JOSEPH WALTER,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1254-1
---------------------

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Donald Walter ("Walter") was convicted in a stipulated bench trial of one count of transportation of an undocumented alien within the United States for private financial gain by means of a motor vehicle in violation of 8 U.S.C. § 1324(a)(1)(B)(i). Walter argues that the district court erred in denying his motion to suppress evidence obtained from a roving border patrol stop. Walter contends that the border patrol agents lacked reasonable

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suspicion to conduct the stop and that he did not give voluntary consent for the agents to search his tractor-trailer.

Reasonable suspicion

When reviewing the district court's denial of a motion to suppress, this Court reviews the district court's factual findings for clear error and its legal conclusion that reasonable suspicion existed is reviewed de novo. United States v. Jacquinot, 258 F.3d 423, 427-28 (5th Cir. 2001), cert. denied, 534 U.S. 1116 (2002). The evidence presented at a suppression hearing must be viewed in the light most favorable to the prevailing party at the district court level. Id. at 427 (citing United States v. Inocencio, 40 F.3d 716, 721 (5th Cir. 1992)). In determining whether reasonable suspicion exists, this Court examines the totality of the circumstances surrounding the stop. United States v. Galvan-Torres, 350 F.3d 456, 458 (5th Cir. 2003). Of the eight nonexclusive factors used to establish reasonable suspicion, Jacquinot, 258 F.3d at 427-28 (citing United States v. Brignoni-Ponce, 422 U.S. 873, 884 (1975)), five are relevant to the instant case: (1) characteristics of the area; (2) the arresting agents' prior experience with criminal activity; (3) proximity of the area to the border; (4) information about recent illegal trafficking in aliens in the area; and (5) appearance of the vehicle.

(1) Characteristics of the area

At the suppression hearing, Agent Alfredo Coronado ("Coronado"), who ordered the stop, testified that he observed that

Walter's tractor-trailer was parked with its lights off at a darkened corner of the Gateway Center parking lot. Coronado noted that in the past two years, he was personally involved in approximately six cases concerning the loading of illegal aliens in this particular parking lot. Coronado testified that most of the interceptions of vehicles smuggling illegal aliens occurred between 10:00 p.m. and 2:00 a.m. and that the instant incident occurred at approximately 10:00 p.m. He further testified that, from his experience in observing trucks unloading merchandise at the shopping center, the time of night was unusual for Walter's truck to be parked in the lot. This factor weighs in favor of reasonable suspicion.

(2) Arresting agents' prior experience

Agent Coronado testified that he had worked as a border patrol agent for seven years prior to the instant incident and had specialized in the offense of smuggling illegal aliens. Agent Manuel Morales, who assisted another border patrol agent in stopping Walter's tractor-trailer, testified that he had worked as an agent for six years and in the course of a given month was likely to conduct anywhere from 10 to 50 arrests. Agent Louis Collins, who was also involved in Walter's stop, had worked as a supervising border patrol agent for over eight years. Accordingly, this factor supports a finding of reasonable suspicion.

(3) Proximity to the border

When a car is first observed within fifty miles of the border the proximity test is satisfied. Jacquinot, 258 F.3d at 428. The parties agree that the Gateway Center is approximately five miles from the border between the United States and Mexico. Accordingly, this factor weighs in favor of reasonable suspicion.

(4) Information about recent illegal trafficking in aliens in the area

As previously noted, Agent Coronado testified that he had been involved in six different incidents of illegal alien smuggling in the Gateway Center parking lot. He stated that the confidential informant who alerted him about Walter's tractor-trailer assisted the border patrol a month prior to the instant incident in apprehending 27 undocumented aliens in the same parking lot. This factor weighs in favor of reasonable suspicion.

(5) Appearance of the vehicle

Agent Coronado testified that the tractor-trailer was unusual because it was an Allied moving van, atypical of the types of trucks that unloaded merchandise at Gateway Center. He further testified that a vehicle of that type would normally park at the nearby Santa Maria Truck Stop. He discounted the possibility that the vehicle could have been unloading merchandise at one of the stores at night because the shopping center was closed and the vehicle was parked with its lights off. The fact that a van parked near the tractor-trailer added to the agents' reasonable suspicion of the vehicle, as such a scenario is consistent with the transfer

of individuals or contraband.  Accordingly, this factor supports a finding of reasonable suspicion.

As a result of the foregoing analysis, the district court's factual findings were not clearly erroneous and its conclusion that reasonable suspicion for the stop existed is adequately supported by the totality of the circumstances.

Voluntary consent

Walter argues both that he did not give consent for his tractor-trailer to be searched, and that even if he did, it was involuntary.

This court "will not reverse the district court's finding that consent was voluntary unless it is clearly erroneous."  United States v. Kelley, 981 F.2d 1464, 1470 (5th Cir. 1993)  (citing United States v. Oliver-Becerril, 861 F.2d 424, 425-426 (5th Cir. 1988)).  If a finding is based on oral testimony at a suppression hearing, the "clearly erroneous standard is particularly strong since the judge had the opportunity to observe the demeanor of the witnesses."  Id. (quoting United States v. Sutton, 850 F.2d 1083, 1086 (5th Cir. 1988)).

The record reflects that the district court's conclusion that Walter's consent was voluntary is not clearly erroneous.  Although Walter testified that border patrol agents approached him with their guns drawn, handcuffed him, and at no time requested the keys to his vehicle, the district court was entitled to disbelieve Walter's account and find the testimony of the agents at the

hearing credible. See United States v. Shabazz, 993 F.2d 431, 438 (5th Cir. 1993). Specifically, Agent Nicholas Bolden ("Bolden") testified that when he approached Walter and asked for the keys, Walter retrieved them from the ignition and handed them to Bolden. Bolden testified that at no time did he have his gun drawn. Agent Morales ("Morales") testified that he heard the dialogue between Walter and Bolden and that Bolden asked Walter if he could look in the back of the vehicle. Morales stated that Walter gave the officers permission to do so and produced his keys. Morales testified that he and Bolden approached the driver's side of the vehicle where Walter was sitting and that neither agent had his gun drawn. Morales testified that Walter was placed in handcuffs and arrested only after the undocumented aliens were discovered. Agent Collins testified that when he arrived on the scene, he observed agents Bolden and Morales approach Walter at the driver's side of the vehicle and that neither agent had his gun drawn. In light of this testimony, the district court's ruling that Walter gave voluntary consent is not clearly erroneous.

Accordingly, the judgment of conviction is AFFIRMED.