United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20273
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORDRICK MAGISHAWE TUGULALE,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-00018
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

A jury convicted defendant Tugulale of aiding and abetting bank fraud and attempting to commit bank fraud, in violation of 18 U.S.C. § 2, 1344, 1349, and found that he took property valued between $400,000 and $1 million. On appeal, Tugulale urges three points of error: that the district court erred in denying his motion to suppress based on alleged lack of consent to search his car, that insufficient evidence supported the verdict, and that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government violated his right to consular access under the Vienna Convention.[1]

We review the district court's conclusion that Tugulale validly consented to the search of his truck for clear error. See United States v. Vega, 221 F.3d 789, 795 (5th Cir. 2000). The district court did not clearly err in applying the six-factor test of United States v. Olivier-Becerril, 861 F.2d 424, 426 (5th Cir. 1988). The testimony of Postal Service Inspector Boyden strongly supports this conclusion. Tugalale's argument on appeal is, as it was below, essentially that Boyden lied and Tugalale told the truth regarding the circumstances surrounding the consent. But it's for the district court to make credibility determinations, see United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996), and here the district court expressly found Tugalale not credible. We will not disturb that founded judgment.

Tugalale summarily argues insufficiency of evidence as well. A rational jury could've disbelieved Tugalale's story that he was framed and instead credited the copious evidence - testimony from multiple witnesses, physical evidence found on Tugalale, and recorded conversations - to find Tugalale guilty beyond a

---

[1] Tugulale correctly concedes that he cannot pursue the last argument on direct appeal, see United States v. Jimenez-Nava, 243 F.3d 192, 195-200 (5th Cir. 2001); Sanchez-Llamas v. Oregon, 126 S.Ct. 2669, 2687 (2006), raising it only to note his intention to press the claim collaterally as a due process claim, see Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 737-38 (5th Cir. 2005), and preserve it should this court or the Supreme Court later require it to be raised on direct appeal.

reasonable doubt.  See United States v. Aubin, 87 F.3d 141, 144 (5th Cir. 1996).  Tugalale briefly challenges the jury's special finding as to the amount he tried to steal, noting only that the Government recovered all but $1,000.  This argument goes to sentencing, not guilt, and Tugalale does not appeal his sentence; in any event, there was plenty evidence that Tugalale attempted to steal between $400,000 and $1 million, and it's irrelevant that the Government recovered most of that money, see U.S.S.G. § 2B1.1(b).

AFFIRMED.