# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2014

Lyle W. Cayce
Clerk

No. 13-51176
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES SANCHEZ, also known as El Diablo, also known as Archibalado Rodriguez, Jr., also known as Archie Rodriguez, Jr., also known as Archi Rodriguez, also known as Archibald Rodriguez, also known as Archiebaldo Rodriguez, also known as Andres Javier Sanchez, also known as Andy Sanchez,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-276-1

Before DeMOSS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Andres Sanchez appeals from his conditional guilty plea conviction for possession of a firearm by a convicted felon; the plea was conditioned upon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sanchez's reservation of his right to appeal the district court's denial of his motion to suppress.

Voluntary consent is an exception to the Fourth Amendment's warrant requirement. *United States v. Tompkins*, 130 F.3d 117, 121 (5th Cir. 1997). "In order to satisfy the consent exception, the government must demonstrate that there was (1) effective consent, (2) given voluntarily, (3) by a party with actual or apparent authority." *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010).

We review for clear error both the district court's finding that Sanchez gave effective consent to the search, *see id.*, and its finding that his consent was given voluntarily. *See United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002). "A finding is clearly erroneous only if the court is left with a definite and firm conviction that a mistake has been committed." *Scroggins*, 599 F.3d at 440. "The clearly erroneous standard is particularly deferential where denial of the suppression motion is based on live oral testimony . . . because the judge had the opportunity to observe the demeanor of the witnesses." *Id.* (internal quotation marks and citation omitted).

We have recognized six factors relevant to determining voluntariness, none of which is controlling or dispositive:

> (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

*United States v. Olivier-Becerril*, 861 F.2d 424, 426 (5th Cir. 1988) (internal quotation marks and citations omitted).

No. 13-51176

At the suppression hearing the district court heard the live testimony of four officers. As Sanchez states in his brief, Sanchez "did not call witnesses or present any evidence at the hearing." After the hearing, the district court issued a written order in which it found that even though Sanchez was in custody at the time of his consent, his consent was nevertheless voluntary given the absence of coercion and his ready cooperation with law enforcement. Although Sanchez was not advised of his right to refuse consent, the district court suggested that Sanchez's lengthy criminal history made it likely that he was aware of this right.

Ultimately, we are not "left with a definite and firm conviction that a mistake has been committed." *Scroggins*, 599 F.3d at 440; *see Olivier-Becerril*, 861 F.2d at 426. Because the district court did not clearly err by holding that Sanchez voluntarily consented to the search, we need not consider his remaining arguments regarding the lack of probable cause and the inapplicability of the automobile and inventory exceptions.

AFFIRMED.