# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30439

United States Court of Appeals
Fifth Circuit

**FILED**

June 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

MICHAEL ROBERTSON,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CR-108

Before WIENER, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:*

Michael Robertson was indicted on one charge of being a felon in possession of a firearm and one charge of possession of marijuana. He filed a motion to suppress evidence, arguing that he did not validly consent to the search of his vehicle that led to the discovery of two firearms and marijuana. The district court granted the motion; the government appealed. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30439

## FACTUAL BACKGROUND

Baton Rouge police officer Aaron Spelying stopped Robertson for speeding and asked him to step out of the car. Spelying testified that after Robertson got out of his vehicle, he detected the odor of marijuana both on Robertson and from within the vehicle. When Spelying asked for Robertson's license, Robertson explained that he did not have it because it had been suspended. Spelying ran Robertson's and his passenger's names through a database that confirmed Robertson's license was suspended and that both men were convicted felons. Spelying testified that he then intended to gain consent to search the vehicle. He told Robertson he was not going to give him a ticket and returned the vehicle's rental documentation to him. At the suppression hearing, Spelying claimed that he decided not to ticket Robertson in an effort to obtain his voluntary consent to a search of his vehicle.

Also at the suppression hearing, Spelying testified that as Robertson turned to leave, the officer asked him, "before you go, we have problems with people smuggling things on the interstate: guns, drugs, weapons, you know, anything of that nature. Can I search your vehicle before you go?" Robertson agreed to the search. Spelying found a partially smoked marijuana cigar and two handguns hidden in the car's center console. Robertson and his passenger each claimed one of the guns. Spelying arrested both men.

## DISCUSSION

This court reviews a district court's factual findings on a motion to suppress for clear error and its legal conclusions de novo. *United States v. Iraheta*, 764 F.3d 455, 460 (5th Cir. 2014). The evidence is considered in the light most favorable to the prevailing party. *Id.* A district court's finding on whether consent to a search is voluntary is a question of fact, which we review for clear error. *United States v. Dilley*, 480 F.3d 747, 749 (5th Cir. 2007). "Factual findings are clearly erroneous only if a review of the record leaves this

court with a definite and firm conviction that a mistake has been committed." *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009) (citation and internal quotation marks omitted). "Where the judge bases a finding [regarding] consent on the oral testimony at a suppression hearing, the clearly erroneous standard is particularly strong since the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002) (citation and internal quotation marks omitted).

We determine the voluntariness of consent by considering six factors, giving none controlling weight but instead examining the totality of the circumstances:

> (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

*United States v. Olivier-Becerril*, 861 F.2d 424, 426 (5th Cir. 1988) (citation omitted).

Applying this analysis, the district court held that a reasonable person would not have felt free to leave and would have felt compelled to agree to the search. Regarding the first, second, and sixth factors, the court found several facts weighed against the voluntariness of consent. The court determined that the officer had engaged in a coercive tactic when he twice stated "before you go" as part of his request for consent to search the vehicle. The court also noted that Spelying never informed Robertson that he was free to leave. Finally, because the contraband was hidden, the court found that Robertson likely knew of the contraband and therefore would have known the police might find it.

No. 14-30439

On the other hand, the district court found that Robertson seemed to be cooperating with police, and thus the third factor weighed in favor of voluntariness.  Last, the court found there was no evidence regarding whether Robertson knew he could withhold consent, nor was there evidence of his education or intelligence.  Therefore, it found factors four and five were neutral.  Relying on the totality of the factors, the district court held that Robertson's consent was not voluntary.

Because we are not firmly convinced that a mistake was made, the district court's findings of fact are not clearly erroneous.  *See Hearn*, 563 F.3d at 101.  The government presents case law in which consent to search was upheld even though arguably similar language was used by law enforcement, but the review of fact-finding very much depends on the precise facts in a case and the discretion of the district court in weighing those facts.  "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole."  *United States v. Zavala*, 541 F.3d 562, 574 (5th Cir. 2008) (citation and internal quotation marks omitted).  Under the totality of the circumstances here, it is plausible that Robertson did not believe he was free to leave and did not voluntarily consent to the search.

AFFIRMED.