# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40365

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE JUAN VALLEJO, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-566-1

Before JONES, HO, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Jose Juan Vallejo appeals from the dismissal of his motion to suppress evidence. At an immigration checkpoint, Ernesto Cantu, a Border Patrol Agent, found marihuana in Vallejo's car. Vallejo moved to suppress evidence of the marihuana and his subsequent statements, alleging Cantu found the drugs after an illegal search. After a hearing on the motion, the district court

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40365

denied the motion and Vallejo appealed.  For the following reasons, we affirm the district court's decision.

Cantu stopped Vallejo at a routine immigration checkpoint near Sarita, Texas on August 17, 2017.  Cantu asked Vallejo for identification, which Vallejo provided.  At the suppression hearing, Cantu testified that Vallejo was sweating, fidgety, avoided eye contact, and otherwise seemed nervous.  While Vallejo's identification papers were standard, Vallejo's behavior made Cantu curious.  Vallejo claimed to be traveling to Corpus Christi, in a car he claimed belonged to a friend.  Cantu asked if Vallejo would consent to allowing him to view the interior of the trunk.  Vallejo consented.  The trunk was empty, which Cantu found odd in light of Vallejo's story of traveling to Corpus Christi.  He asked Vallejo if he would consent to inspection in a secondary inspection lane, and again, Vallejo consented.  Cantu testified, and Vallejo does not dispute, that the entire stop in the primary inspection lane lasted between forty-five seconds to one minute.  Once in the secondary inspection lane, a canine unit alerted to the front bumper of the car and the officers found marihuana inside.

Vallejo objected to the search, arguing that the agents unconstitutionally prolonged his detention beyond the permissible purpose of the immigration inspection, thus violating his Fourth Amendment rights.

We review a district court's factual findings for clear error and its legal conclusions *de novo*.  *United States v. Rodriguez*, 702 F.3d 206, 208 (5th Cir. 2012).  Suspicionless "stops for brief questioning routinely conducted at permanent checkpoints are consistent with the Fourth Amendment" in the immigration context.  *United States v. Martinez-Fuerte*, 428 U.S. 543, 566 (1976).  We have long held that the validity of an immigration stop turns on "the length of the detention, not the questions asked." *United States v. Machuca-Barrera*, 261 F.3d 425, 432 (5th Cir. 2001). An immigration stop may continue for as long as is needed to ascertain the identity of a person, to

No. 18-40365

"inquire about citizenship status, request identification or other proof of citizenship, and request consent to extend the detention." *Id.* at 433.

Vallejo argues that *Machuca-Barrera* is no longer applicable in light of the Supreme Court's decision in *Rodriguez v. United States*, 135 S. Ct. 1609 (2015). But this court recently held that there is no conflict between *Machuca-Barrera* and *Rodriguez. See United States v. Tello*, No. 18-40347, 2019 WL 2183348, at *4 (5th Cir. May 21, 2019). *Rodriguez* allows for stops of a "tolerable duration"—a duration that is circumscribed by the reason for the stop. 135 S. Ct. at 1614. As this court has recognized, "an immigration stop may take up to five minutes." *Tello*, 2019 WL 2183348, at *5 (citing *Martinez-Fuerte*, 428 U.S. at 563).

Cantu stopped Vallejo for one minute, at the most, before Vallejo consented to a secondary search. Cantu articulated specific reasons for the further questions and then asked if Vallejo would consent to a secondary search, all within forty-five to sixty seconds. There is no evidence that he impermissibly extended the stop beyond the original purpose.

Finally, Vallejo argued that even if the stop did not violate the Fourth Amendment, his consent for a further search was not voluntary. This court has identified six factors for determining whether consent was voluntarily and freely given:

> (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

*United States v. Olivier-Becerril*, 861 F.2d 424, 426 (5th Cir. 1988).

The district court weighed these factors and concluded that factor (1) weighed in Vallejo's favor, while factors (2), (3), and (5) weighed in the

government's favor.  The court found factors (4) and (6) to be neutral.  Vallejo argues he was not informed that he had a right to refuse consent, but the law does not require Cantu to inform Vallejo of his right to refuse.  *See United States v. Lopez*, 911 F.2d 1006, 1011 (5th Cir. 1990) ("[T]he lack of awareness of this right [to refuse consent] does not taint the voluntariness of consent."). Vallejo argues his consent could not possibly have been informed and voluntary, because he suffers from learning disabilities and other mental health conditions for which he receives social security disability income.  The district court acknowledged that Vallejo had a learning disability, but the court observed that Vallejo had graduated high school, had lived independently from his family, and had prior interactions with law enforcement that made him likely to appreciate the significance of his consent.

The district court's finding of consent may be overturned on appeal only if clearly erroneous.  *Id.* at 1010.  "Where the judge bases a finding of consent on the oral testimony at a suppression hearing, the clearly erroneous standard is particularly strong since the judge had the opportunity to observe the demeanor of the witnesses."  *United States v. Sutton*, 850 F.2d 1083, 1086 (5th Cir. 1988).  Vallejo does not present evidence of error, let alone clear error, in the district court's order.

Accordingly, the district court did not err in denying Vallejo's motion to suppress evidence.  Cantu stopped Vallejo for a permissible length of time and Vallejo voluntarily consented to the secondary search.  Therefore, we affirm the district court's denial of Vallejo's motion to suppress.